MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ENOC RIVERA (A.K.A MOSES), *individually and on behalf of others similarly situated,*

                *Plaintiff*,

-against-

MIDTOWN CATCH CORP. (D/B/A MIDTOWN CATCH), MICHAEL CIOFFI, and JOSEPH POLIZZI,

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Enoc Rivera (a.k.a Moses) ("Plaintiff Rivera" or "Mr. Rivera"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Midtown Catch Corp. (d/b/a Midtown Catch), ("Defendant Corporation"), Michael Cioffi and Joseph Polizzi, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Rivera is a former employee of Defendants Midtown Catch Corp. (d/b/a Midtown Catch), Michael Cioffi, and Joseph Polizzi.

2. Defendants own, operate, or control a seafood market and take out store, located at 405 East 57th Street, New York, New York 10022 under the name "Midtown Catch".

3. Upon information and belief, individual Defendants Michael Cioffi and Joseph Polizzi, serve or served as owners, managers, principals, or agents of Defendant Corporation and,

through this corporate entity, operate or operated the seafood market and take out store as a joint or unified enterprise.

4. Plaintiff Rivera was employed as a cook at the seafood market and take out store located at 405 East 57th Street, New York, New York 10022.

5. At all times relevant to this Complaint, Plaintiff Rivera worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Rivera appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Rivera to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Rivera now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Rivera seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rivera's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a seafood market and take out store located in this district. Further, Plaintiff Rivera was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Enoc Rivera (a.k.a Moses) ("Plaintiff Rivera" or "Mr. Rivera") is an adult individual residing in Queens County, New York.

14. Plaintiff Rivera was employed by Defendants at Midtown Catch from approximately April 2016 until on or about November 22, 2018.

15. Plaintiff Rivera consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a seafood market and take out store, located at 405 East 57th Street, New York, New York 10022 under the name "Midtown Catch".

17. Upon information and belief, Midtown Catch Corp. (d/b/a Midtown Catch) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 405 East 57th Street, New York, New York 10022.

18. Defendant Michael Cioffi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Cioffi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Cioffi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Joseph Polizzi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Polizzi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joseph Polizzi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a seafood market and take out store located at 405 East 57th Street, New York, NY 10022.

21. Individual Defendants, Michael Cioffi and Joseph Polizzi, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Rivera's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rivera, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Rivera (and all similarly situated employees) and are Plaintiff Rivera's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Rivera and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Michael Cioffi and Joseph Polizzi operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Rivera's employers within the meaning of the FLSA and New York Labor Law.

28. Defendants had the power to hire and fire Plaintiff Rivera, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rivera's services.

29. In each year from 2016 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the seafood market and take out store on a daily basis, such as fish and condiments, are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Rivera is a former employee of Defendants who was employed as a cook.

32. Plaintiff Rivera seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Enoc Rivera (a.k.a Moses)*

33. Plaintiff Rivera was employed by Defendants from approximately April 2016 until on or about November 22, 2018.

34. Defendants employed Plaintiff Rivera as a cook.

35. Plaintiff Rivera regularly handled goods in interstate commerce, such as fish, condiments and other supplies produced outside the State of New York.

36. Plaintiff Rivera's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Rivera regularly worked in excess of 40 hours per week.

38. From approximately April 2016 until on or about March 2017, Plaintiff Rivera worked from approximately 11:00 a.m. until on or about 8:00 p.m., Mondays through Fridays and from approximately 9:00 a.m. until on or about 5:00 p.m., on Saturdays (typically 53 hours per week).

39. From approximately April 2017 until on or about May 2018, Plaintiff Rivera worked from approximately 7:00 a.m. until on or about 4:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 3:00 p.m., Saturdays (typically 52 hours per week).

40. From approximately June 2018 until on or about November 22, 2018, Plaintiff Rivera worked from approximately 7:00 a.m. until on or about 3:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 3:00 p.m., on Saturdays (typically 47 hours per week).

41. Throughout his entire employment, Defendants paid Plaintiff Rivera his wages in cash.

42. From approximately April 2016 until on or about November 22, 2018, Defendants paid Plaintiff Rivera $600 per week.

43. Plaintiff Rivera's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44. For example, Defendants required Plaintiff Rivera to work an additional 15 to 20 minutes past his scheduled departure time regularly, and did not pay him for the additional time he worked.

45. From approximately April 2017 until on or about November 2018, Defendants did not grant Plaintiff Rivera any meal break or rest period of any kind.

46. Plaintiff Rivera was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47. On or about June 2018, Defendants did implement a punch in clock, but did not require nor allowed Plaintiff Rivera to utilize it.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rivera regarding overtime and wages under the FLSA and NYLL.

49. Defendants did not provide Plaintiff Rivera an accurate statement of wages, as required by NYLL 195(3).

50. Defendants did not give any notice to Plaintiff Rivera, in English and in Spanish (Plaintiff Rivera's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

52. Plaintiff Rivera was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

53. Defendants' pay practices resulted in Plaintiff Rivera not receiving payment for all his hours worked, and resulted in Plaintiff Rivera's effective rate of pay falling below the required minimum wage rate.

54. Defendants habitually required Plaintiff Rivera to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records as to Plaintiff Rivera.

56. Defendants paid Plaintiff Rivera his wages in cash.

57. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rivera (and similarly situated individuals) worked, and to avoid paying Plaintiff Rivera properly for his full hours worked.

59. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rivera and other similarly situated former workers.

61. Defendants failed to provide Plaintiff Rivera (a.k.a Moses) and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants failed to provide Plaintiff Rivera and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Rivera brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64. At all relevant times, Plaintiff Rivera and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

65. The claims of Plaintiff Rivera stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

66. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Rivera's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

68. Defendants had the power to hire and fire Plaintiff Rivera (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff Rivera (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff Rivera (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Rivera (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rivera (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76. Defendants' failure to pay Plaintiff Rivera (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Rivera (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff Rivera's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

80. Defendants had the power to hire and fire Plaintiff Rivera, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

81. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rivera less than the minimum wage.

82. Defendants' failure to pay Plaintiff Rivera the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiff Rivera was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

84. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rivera overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86. Defendants' failure to pay Plaintiff Rivera overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Rivera was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

88. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiff Rivera with a written notice, in English and in Spanish (Plaintiff Rivera's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90. Defendants are liable to Plaintiff Rivera in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

91. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

92. With each payment of wages, Defendants failed to provide Plaintiff Rivera with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93. Defendants are liable to Plaintiff Rivera in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rivera respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivera and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivera and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rivera's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rivera and the FLSA Class members;

(f) Awarding Plaintiff Rivera and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Rivera and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivera;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivera;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rivera's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Rivera;

(l) Awarding Plaintiff Rivera damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiff Rivera damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Rivera liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Rivera and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Rivera and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (r) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

  Plaintiff Rivera demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

  March 22, 2019

             MICHAEL FAILLACE & ASSOCIATES, P.C.

          By:   /s/ Michael Faillace
             Michael Faillace [MF-8436]
             60 East 42nd Street, Suite 4510
             New York, New York 10165
             Telephone: (212) 317-1200
             Facsimile: (212) 317-1620
             *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 28, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          **Enoc Rivera**

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:         28 de diciembre de 2018

*Certified as a minority-owned business in the State of New York*