# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                       Telephone: (212) 317-1200
New York, New York 10165                           Facsimile: (212) 317-1620

kjohnson@faillacelaw.com

September 3, 2020

**BY ECF**

Honorable Sarah L. Cave
United States District Magistrate
United States Courthouse
500 Pearl Street
New York, NY 10007

                                     Re:     **Rivera et al v. Midtown Catch Corp.**
                                                        **19-cv-02574-KPF**

**LETTER MOTION TO APPROVE SETTLEMENT PURSUANT TO CHEEKS**

Dear Judge Cave:

      I am an attorney for Plaintiff in the above-referenced matter and write, jointly with Defendants, through counsel, to respectfully request the Court approve the Parties' settlement for the above-referenced matter. The Parties submit this letter Jointly. As an initial point, the Settlement Agreement attached hereto is not signed by Defendant Polizzi, but I am told that defense counsel will supplement this filing with the signed copy by said Defendant. The other Defendants, including Corporate Defendant, and the Plaintiff have executed the same.

      The proposed Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement and dismiss the case with prejudice. We are aware of the decisions in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. July 5, 2012), and represent to the Court that while the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial to the fullest extent possible, the settlement is fair, as discussed herein. This action settled for a total amount of $31,500.00 dollars.

This is an action for money damages brought by Plaintiff Enoc Rivera. He brings this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

Specifically, Plaintiff worked at Midtown Catch in Manhattan, a seafood market and take out store, where he worked as a cook. Although Rivera worked punishing overtime hours of 47 to 53 hours per week, he was improperly paid a fixed weekly wage of $600 without any overtime premium. Accordingly, the Complaint asserts claims against Defendants for unpaid wages under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 et seq.), the New York Labor Law ("NYLL") §§190 and 650 et seq., and the wage notice and wage statement provisions of the NYLL § 195.

We calculate that Plaintiff is owed approximately $35,500 in minimum and overtime wages, not inclusive of liquidated damages which would be determined by statute and at the time of trial. The settlement amount is just short of the aforesaid unliquidated damages. In light of the risk of trial and the dire financial conditions placed on Defendants by the COVID pandemic and the ensuing economic recession, the settlement is reasonable and fair in the circumstances that balances the dueling interests of justice being served and a fair assessment of risk and costs involved in going to trial.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info.*

Page 3

*Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the plaintiffs range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and have made an informed decision to settle the action after discovery and numerous mediation session through the Court's mediation program and subsequent discussions between counsel, without the encumbrance of trial and the delay and uncertainly of judgment enforcement. The Plaintiff will receive a significant portion of the minimum and overtime wages that they could have recovered if they were successful at trial.

Although the total figure of damages that could have been recovered exceeds the settlement amount, there was a risk that Plaintiff would have not prevailed at trial, or would have received judgment at an amount significantly less than his estimated maximum damages after a trial. Considering the possibility of this outcome after a trial, we believe the settlement amount in this case is fair and reasonable.

Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiffs; no other employees have come forward, nor would they be prejudiced by dismissal of this lawsuit.

Page 4

<u>Plaintiff's Attorneys' Fees are Fair and Reasonable</u>

We respectfully submit that the FLSA does not require the Court to review the attorneys' fees that a plaintiff's attorney will receive out of a settlement. *See Gutierrez v. 352 East 86th St. Rest., Inc.*, 15-cv-2064 (HBP), 2016 U.S. Dist. LEXIS 23967, *3-*4 (S.D.N.Y. Feb. 19, 2016) (declining to address the fee arrangement between plaintiff and his counsel because FLSA does not regulate relationship between attorney and plaintiff).  However, if the Court holds it is necessary to review Plaintiff's attorneys' fees, such fees should be approved as fair and reasonable.

If the Court does find such review necessary, the amount of the settlement which will be applied to attorneys' fees is fair and reasonable.  Plaintiff's attorneys will receive attorneys' fees of $10,363.47, which represents a one-third fee of the net settlement subtracting costs, and $400.00 of actual costs, for the filing of the complaint and summons, to a total disbursement of $10,763.47. Plaintiffs' lodestar attorneys' fees amount in this case based on their recorded hours worked and costs and disbursements incurred is $10,362.50, which is why counsel is requesting attorney's fees of one-third as opposed to the 40% which is called for in the retainer agreement between Plaintiff and Counsel.  A copy of Plaintiffs' attorneys' billing statement for this matter, with the attorneys' contemporaneous time entries, is annexed as Exhibit B.

Given these circumstances, the fee is reasonable and represents 1/3 of the settlement amount after costs are deducted.  *See Hyun v. Ippudo USA Holdings*, 14-cv-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("Fee awards representing one third of the total recovery are common in this District") (quoting *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 U.S. Dist. LEXIS 162243, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015)); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").  The amount applied for is close to the Plaintiff's attorneys' lodestar amount.

The rates for Plaintiffs' attorneys are as follows:

a.      Faillace is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983.  His time is billed at the rate of $450, which is Faillace's standard billing rate for matters which he bills at an hourly rate rather than on a contingency basis.  From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM).  He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  Faillace also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

b.      Joshua Androphy is the senior attorney at Michael Faillace & Associates, P.C. and his work is billed at $400 per hour. He graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems.  Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, he has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court.  He was named a Super Lawyers Rising Star in 2014 through 2018. Mr. Androphy left the firm for another opportunity in July of this year.

c.      I, Kevin S. Johnson, am an associate attorney at Michael Faillace & Associates, P.C. and my work is billed at $375.00 per hour. I graduated from New York School of Law in 2011 in the top 25% of his class. Since being admitted to practice in the State of New

York and the Southern and Eastern Districts of New York in 2013, I have concentrated my practice in various aspects of civil litigation, focusing on personal injury litigation, discrimination, and employment and labor law claims. Prior to coming to work for the firm of Michael Faillace & Associates, P.C., I was an associate attorney with Rosenbaum & Rosenbaum, P.C., focusing my practice in personal injury, particularly focusing on motion and appellate practice. I have tried cases, deposed hundreds of witnesses, and plead and argued three cases before the Appellate Division, Second Department. Since coming to Plaintiff's attorneys' firm, I have concentrated solely on wage and hour and related labor law claims, using my strong litigation skills, in all aspects and phases of litigation, to bring the best results for my clients;

d.   Work performed by paralegals is billed at the rate of $100 per hour.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Faillace and Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Kevin S. Johnson, Esq.
Kevin S. Johnson, Esq.

cc:  (By ECF)
Mitchell Segal, Esq.